# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>    Plaintiff,<br><br>    v.<br><br>T. ADAMS, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:13-cv-00655-AWI-SKO PC<br><br>ORDER (1) DENYING MOTION TO AMEND AS MOOT, (2) DISMISSING AMENDED COMPLAINT AND REQUIRING PLAINTIFF TO FILE LEGIBLE SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS, AND (3) STRIKING EXHIBITS<br><br>(Docs. 7 and 8)<br><br>THIRTY-DAY DEADLINE |

Plaintiff DeWayne Thompson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2013. On July 24, 2013, Plaintiff filed a motion seeking leave to amend, accompanied by an amended complaint. On July 31, 2013, Plaintiff separately filed exhibits.

At this stage in the proceedings, Plaintiff has the right to amend once as a matter of course. Fed. R. Civ. P. 15(a)(1). Accordingly, Plaintiff's motion to amend is denied as moot.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

In addition, Local Rule 130(b) requires that filings be clearly legible. In this instance, the Court finds that Plaintiff's amended complaint falls short of the requisite legibility. Plaintiff appears to be articulate and the issue lies with penmanship rather than with literacy. The Court will provide Plaintiff with a complaint form and he is required to file a legible second amended complaint. Plaintiff's letter and word formation must be legible and Plaintiff must use adequate spacing between words.

With respect to exhibits, Plaintiff filed eighty-nine pages of exhibits to be included with his amended complaint submitted a week earlier. The Court does not permit piecemeal filings such as this. If Plaintiff chooses to support his complaint with exhibits, *which is not required*, the exhibits must be submitted with the complaint for filing.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's motion to amend, filed on July 24, 2013, is DENIED as moot;

2. Plaintiff's amended complaint, filed on July 24, 2013, is dismissed;

3. Plaintiff's exhibits, filed on July 31, 2013, are stricken;

4. The Clerk's Office shall send Plaintiff a complaint form;

5. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file a legible second amended complaint;

6. Plaintiff's second amended complaint may not exceed twenty pages in length, exclusive of exhibits; and

///
///
///
///
///

6. The failure to comply with this order will result in dismissal of this action, without prejudice, for failure to obey a court order.

IT IS SO ORDERED.

Dated:   **November 10, 2013**             **/s/ Sheila K. Oberto**
                                                                UNITED STATES MAGISTRATE JUDGE

3