# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON, | Case No. 1:13-cv-00655-AWI-SKO (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 17 |
| T. ADAMS, et al., | |
| Defendants. | |

## I. Procedural History

Plaintiff DeWayne Thompson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2013. On January 24, 2014, Plaintiff filed objections to the Magistrate Judge's screening order. There is no provision for objections to the order at issue and the Court construes the filing as a motion for reconsideration. Fed. R. Civ. P. 60(b).

## II. Effect of Declining Magistrate Judge Jurisdiction

As an initial matter, Plaintiff asserts that it was improper for the Magistrate Judge to issue the screening order because he did not consent to Magistrate Judge jurisdiction. A party's decision to decline Magistrate Judge jurisdiction affects *only* the Magistrate Judge's ability to issue rulings on dispositive matters and the order at issue, which required Plaintiff to either file a third amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable, was not a dispositive. 28 U.S.C. § 636(b); Local Rule 72-302(c).

**III.     Motion for Reconsideration of Screening Order**

      **A.     Legal Standard**

Turning to Plaintiff's substantive disagreement with the screening order, reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles*

*v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141 (9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

**B.     Discussion**

Plaintiff disagrees with the Magistrate Judge's finding that his excessive force and due process claims are barred by the favorable termination rule. *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005). Plaintiff cites to no new facts or to facts which were overlooked by the Magistrate Judge. Instead, Plaintiff merely argues that the Magistrate Judge was wrong and his claims are cognizable. This argument has no merit.

Plaintiff lost time credits as a result of being found guilty of disobeying a direct order resulting in the use of force. That credit forfeiture affects the length of Plaintiff's sentence, and a finding that the use of pepper spray was unjustified and constituted excessive force or that Plaintiff's due process rights were violated with respect to the disciplinary hearing would necessarily demonstrate the invalidity of hearing result, which implicates the duration of Plaintiff's confinement. *Wilkinson*, 544 U.S. at 81-2. Plaintiff's claims are barred by the favorable termination rule. *Id.*

**IV.     Order**

Based on the foregoing, Plaintiff's motion for reconsideration, filed on January 24, 2014, is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated: __May 30, 2014__                               _____
                                                                                SENIOR DISTRICT JUDGE

4