# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>     Plaintiff,<br><br>     v.<br><br>T. ADAMS, et al.,<br><br>     Defendants.<br>_____/ | Case No. 1:13-cv-00655-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTIONS FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED<br><br>(Docs. 14 and 15)<br><br>TWENTY-DAY OBJECTION DEADLINE |

Plaintiff DeWayne Thompson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2013. On January 24, 2014, Plaintiff filed a motion seeking an order requiring prison officials at California State Prison-Sacramento to return his legal property and glasses, provide him with meaningful legal access, and cease obstructing his grievances. On February 10, 2014, Plaintiff filed a motion seeking a temporary restraining order granting him the relief sought in his motion filed on January 24, 2014. In accordance with the Court's general practice, Plaintiff's requests for court orders directed at remedying his current conditions of confinement are construed as motions seeking preliminary injunctive relief.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 24, 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed

on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted).  An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  *Id.* at 22 (citation omitted) (emphasis added).

As a threshold matter, Plaintiff must establish that he has standing to seek preliminary injunctive relief.  *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 1142, 1149 (2009) (citation omitted); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  Plaintiff "must show that he is under threat of suffering an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury."  *Summers*, 555 U.S. at 493 (citation omitted); *Mayfield*, 599 F.3d at 969.

This action arises out Plaintiff's past conditions of confinement at California State Prison-Corcoran.  Specifically, Plaintiff's third amended complaint states cognizable claims for relief against Defendant Pendergrass for failing to decontaminate Plaintiff after he was pepper sprayed and against Defendant Brodie for depriving Plaintiff of outdoor exercise for ninety days, in violation of the Eighth Amendment of the United States Constitution.

The pendency of this action does not give Plaintiff standing to seek any court orders directed at remedying his current conditions of confinement at California State Prison-Sacramento.  *Summers*, 555 U.S. at 493; *Mayfield*, 599 F.3d at 969.  The Court's jurisdiction is limited to adjudication of Plaintiff's Eighth Amendment claims arising from events in 2012 at California State Prison-Corcoran.  Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motions be denied, with prejudice, for lack of jurisdiction.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **twenty (20) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within

the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 6, 2014**                                  **/s/ Sheila K. Oberto**
                                                                   UNITED STATES MAGISTRATE JUDGE