# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>         Plaintiff,<br><br>     v.<br><br>T. ADAMS, et al.,<br><br>         Defendants.<br>_____/ | Case No. 1:13-cv-00655-AWI-SKO (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 21)<br><br>THIRTY-DAY OBJECTION DEADLINE |

## I.     **Background**

Plaintiff DeWayne Thompson, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2013. Plaintiff filed an amended complaint as a matter of right on July 24, 2013, Fed. R. Civ. P. 15(a), and the Court dismissed the amended complaint on legibility grounds on November 12, 2013, Fed. R. Civ. P. 8(a); Local Rule 130(b). On November 25, 2013, Plaintiff filed a legible second amended complaint in compliance with the order, and on January 9, 2014, the Court ordered Plaintiff to either file a third amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. Plaintiff filed a third amended complaint on January 24, 2014. On June 9, 2014, the Court screened Plaintiff's third amended complaint and ordered him to either file

a third amended complaint or notify the Court of his willingness to proceed only on the claims found to be cognizable. Plaintiff filed a fourth amended complaint on June 18, 2014.

**II.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 678-79; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), but nevertheless, the mere possibility of misconduct falls short of meeting the plausibility standard, *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969.

///

**III.      Discussion**

      **A.      Summary of Plaintiff's Allegations**

Plaintiff, who is currently incarcerated at California State Prison-Sacramento, brings this action against Correctional Officers T. Adams, B. Harmon, N. Schultz, Eckman, and Brodie; Correctional Sergeant E. Felix; Correctional Lieutenant Cruz; and Psychiatric Technician S. Pendergrass for violating his rights under the Eighth Amendment to the United States Constitution. Plaintiff alleges that on August 9, 2012, at approximately 7:20 a.m., Defendants Harmon and Schultz delivered him an incomplete lunch and ignored his subsequent complaint. Plaintiff then kicked his cell door to get attention. Defendants Adams, Eckman, and Felix approached the cell, and Defendant Adams opened the slot in Plaintiff's cell door and drenched him with pepper spray. Defendant Felix told Plaintiff he could decontaminate in his cell sink, despite Plaintiff's complaints regarding chest pain and trouble breathing. Plaintiff alleges that Defendants failed to decontaminate him or instruct him on decontaminating himself, and they left him in his cell until he complained of chest pain and difficulty breathing, at which time he was given medical attention.

At approximately 7:35 a.m., Defendant Pendergrass came to Plaintiff's cell and he handed her a medical care request form which identified his chest pain and breathing trouble. Defendant Pendergrass had Plaintiff removed from his cell and she checked his vital signs. Plaintiff was cleared by medical at 7:40 a.m. Although Plaintiff complained about having trouble breathing and pleaded with Defendants to be decontaminated in the shower, per usual procedure, Defendants Felix and Harmon escorted him back to his chemical-filled cell. Defendant Pendergrass checked on Plaintiff twice at fifteen-minute intervals and "assist[ed] on combating chemical[s]." (4th Amend. Comp., court record p. 9.) Plaintiff showed Defendant Pendergrass the low water pressure and the problem with obtaining cold water unless the faucet was held down. Defendant Pendergrass said she would let custody staff know, but she failed to have custody staff remove him for proper decontamination and she failed to show him how to combat the chemicals. Plaintiff also informed Defendant Cruz about his staff's refusal to decontaminate Plaintiff, but he ignored Plaintiff's pleas.

By 8:00 p.m., the temperature was reaching 105 degrees and it was humid in Plaintiff's cell, which exacerbated the painful chemical effects, but Plaintiff still went without any assistance with decontamination from Defendant Felix or Defendant Pendergrass. Finally, Plaintiff received his regularly scheduled shower at 8:00 p.m. and he was able to decontaminate.

Plaintiff also alleges that Defendant Brodie, who found Plaintiff guilty of a rules violation for refusing a direct order resulting in use of force, violated his constitutional rights under the Eighth Amendment when Brodie revoked Plaintiff's yard access for ninety days. Plaintiff alleges he has a right to outside recreation and prison regulations prohibit the deprivation of outdoor exercise for more than ten days within a thirty-five day period.

### B.  Eighth Amendment Claims

#### 1.  Use of Pepper Spray

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005). As discussed in previous screening orders, Plaintiff is precluded from pursuing a claim challenging the need to use of pepper spray against him because he was found guilty of "resisting a direct order resulting in the use of force" and he lost time credits, which impacts the length of his sentence. (Doc. 8, court record p. 38; Doc. 12, Order, 4:10-12; Doc. 17, Obj.; Doc. 21, Amend. Comp., court record pp. 9-10, ¶¶23-26.)

In light of Plaintiff's continued allegations that the Rules Violation Report against him was false, and his previous objection to and mischaracterization of the basis for the Court's application of the favorable termination rule to his claims, the Court reiterates that Plaintiff is barred from pursuing an excessive force claim challenging the use of pepper spray against him. *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994) (until and unless favorable termination of the conviction or sentence occurs, no cause of action under § 1983 exists). Plaintiff is also barred from pursuing any other claim which would bring into question the validity of the guilty finding,

4

including a claim that the Rules Violation Report was falsified and/or he was convicted without due process. *Id.* The Court therefore recommends dismissal of these claims, without prejudice.

### 2. **Failure to Decontaminate Plaintiff After Use of Pepper Spray**

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment but also from inhumane conditions of confinement. *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing *Farmer v. Brennan*, 511 U.S. 825, 847, 114 S.Ct. 1970 (1994) and *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981)) (quotation marks omitted). Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, *Morgan*, 465 F.3d at 1045 (quotation marks omitted). To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety. *E.g., Farmer*, 511 U.S. at 847; *Thomas v. Ponder*, 611 F.3d 1144, 1150-51 (9th Cir. 2010); *Foster v. Runnels*, 554 F.3d 807, 812-14 (9th Cir. 2009); *Morgan*, 465 F.3d at 1045; *Johnson*, 217 F.3d at 731; *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998).

The failure to decontaminate or otherwise assist a prisoner who is suffering from the painful effects of pepper spray may support a claim under the Eighth Amendment. *Clement v. Gomez*, 298 F.3d 898, 904 (9th Cir. 2002). Here, Plaintiff has alleged facts demonstrating that Defendants Felix, Harmon, Pendergrass, and Cruz failed to provide him with any assistance despite their awareness of his condition, of his complaints about chest pain and breathing trouble, and of his desire to be properly decontaminated. At the pleading stage, that suffices to support a claim under section 1983 for violation of the Eighth Amendment. However, Plaintiff has not sufficiently linked any other named defendants to the claim. The requisite linkage is not satisfied by the conclusory assertion that "defendants" violated his rights, and Plaintiff's allegation that Defendants Adams, Schultz, and Eckman walked away after Defendant Adams pepper sprayed

him falls short of supporting a claim.  *Iqbal*, 556 U.S. at 678; *Moss*, 572 F.3d at 969; *Jones*, 297 F.3d at 934.  (Doc. 21, Amend. Comp., court record p. 13, ¶6.)

### 3.     **Revocation of Outside Recreation for Ninety Days**

Finally, the deprivation of a single identifiable human need such as exercise may violate the Eighth Amendment, *Thomas*, 611 F.3d at 1151 (citation omitted), and in this Circuit, it is well established that prisoners have a constitutional right to outdoor exercise, *Thomas*, 611 F.3d at 1051-52; *Richardson v. Runnels*, 594 F.3d 666, 672 (9th Cir. 2010); *Hebbe v. Pliler*, 627 F.3d 338, 344 (9th Cir. 2010); *Pierce v. County of Orange*, 526 F.3d 1190, 1211 (9th Cir. 2008); *Hearns v. Terhune*, 413 F.3d 1036, 1042 (9th Cir. 2005); *Lopez v. Smith*, 203 F.3d 1122, 1133 (9th Cir. 2000); *May v. Baldwin*, 109 F.3d 557, 565 (9th Cir. 1997); *Allen v. Sakai*, 48 F.3d 1082, 1087 (9th Cir. 1995); *LeMaire v. Maas*s, 12 F.3d 1444, 1457 (9th Cir. 1993).  The right to outdoor exercise is not absolute or indefeasible nor does it trump all other considerations, *Norwood v. Vance*, 591 F.3d 1062, 1068 (9th Cir. 2010) (quotation marks omitted), but "ordinarily the lack of outside exercise for extended periods is a sufficiently serious deprivation for Eighth Amendment purposes," *Thomas*, 611 F.3d at 1151 (citation and internal quotation marks omitted); *Hearns*, 413 F.3d at 1042.

Plaintiff alleges that revocation his outdoor yard time for ninety days violated his Eighth Amendment right to outdoor exercise.  While short term deprivations of outdoor exercise with no medical effects do not support a claim, *May*, 109 F.3d at 565, the denial of outdoor exercise for as few as six weeks suffices to meet the objective element of an Eighth Amendment claim, *Allen*, 48 F.3d at 1087.  The Court is therefore constrained to find, at the pleading stage, that revoking Plaintiff's outdoor exercise privileges for ninety days, or approximately twelve weeks, demonstrates the existence of an objectively serious risk of harm.  While Defendant Brodie may be able to show that (1) he did not knowingly disregarded an excessive of harm to Plaintiff's health[1] or (2) he had reasonable justification for disregarding the risk, that determination cannot be

---

[1] "'[I]f an inmate presents evidence of very obvious and blatant circumstances indicating that the prison official knew a substantial risk of serious harm existed, then it is proper to infer that the official must have known of the risk.'" *Thomas*, 611 F.3d at 1152 (quoting *Foster*, 554 F.3d at 814).

made at the pleading stage. *Thomas*, 611 F.3d at 1150-52. Accordingly, Plaintiff states a cognizable claim for relief against Defendant Brodie under the Eighth Amendment.[2]

### IV. Conclusion and Recommendation

Plaintiff's fourth amended complaint states Eighth Amendment claims against Defendants Felix, Harmon, Pendergrass, and Cruz arising out of the failure to decontaminate Plaintiff after he was pepper sprayed and against Defendant Brodie for denying Plaintiff outdoor exercise for ninety days. Plaintiff was previously provided with several opportunities to amend to cure the deficiencies and in the most recent screening order, Plaintiff was informed he would be permitted one final opportunity to amend. Based on the nature of the deficiencies in his fourth amended complaint, further leave to amend is not warranted. *Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Accordingly, the Court HEREBY RECOMMENDS that:

1.  This action for damages proceed on Plaintiff's fourth amended complaint against Defendants Felix, Harmon, Pendergrass, and Cruz for failing to decontaminate Plaintiff, in violation of the Eighth Amendment, and against Defendant Brodie for depriving Plaintiff of outdoor exercise, in violation of the Eighth Amendment;

2.  Plaintiff's excessive force claim, due process claim, or any other claim arising out of the use of pepper spray against him and the subsequent Rules Violation Report be dismissed, without prejudice, as barred by the favorable termination rule; and

3.  Defendants Adams, Schultz, and Eckman be dismissed from this action based on Plaintiff's failure to state any claims against them.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate

---

[2] Success on Plaintiff's Eighth Amendment outdoor exercise claim would not invalidate the finding that Plaintiff was guilty of disobeying a direct order resulting in the use of force, and therefore, Plaintiff's exercise claim is not barred by the favorable termination rule. *Wilkinson*, 544 U.S. at 81-2.

7

Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 16, 2015**          **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE

8