# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>T. ADAMS, et al.,<br><br>　　　　Defendants.<br>_____/ | Case No. 1:13-cv-00655-AWI-SKO (PC)<br><br>ORDER (1) ADOPTING FINDINGS AND RECOMMENDATIONS, (2) DISMISSING *HECK*-BARRED CLAIMS, (3) DISMISSING DEFENDANTS ADAMS, SCHULTZ, ECKMAN, AND (4) REFERRING MATTER BACK TO MAGISTRATE JUDGE TO INITIATE SERVICE OF FOURTH AMENDED COMPLAINT<br><br>(Docs. 21 and 23) |

Plaintiff DeWayne Thompson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2013. The case was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302; and on March 16, 2015, the Magistrate Judge screened Plaintiff's Fourth Amended Complaint and recommended certain claims and defendants be dismissed for failure to state a claim. 28 U.S.C. § 1915A. Plaintiff filed a timely Objection on March 25, 2015.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the Court finds the Findings and Recommendations to be supported by the record and by proper analysis.

Plaintiff objects to the recommendation that Defendants Adams, Schultz, and Eckman be dismissed, and he argues that they failed to decontaminate him following the incident in which Defendant Adams pepper sprayed him.[1] However, while Plaintiff's fourth amended complaint set forth specific facts supporting his decontamination claim against Defendants Felix, Harmon, Pendergrass, and Cruz, it failed to adequately link Defendants Adams, Schultz, and Eckman to the claim. There are no facts demonstrating the existence of a causal connection between the pain and

---

[1] The incident involving the application of the pepper spray is *Heck*-barred. *Wilkinson v. Dotson*, 544 U.S. 74, 81-2, 125 S.Ct. 1242 (2005); *Heck v. Humphrey*, 512 U.S. 477, 489, 114 S.Ct. 2364 (1994).

1  suffering that resulted from the failure to contaminate him, and actions or omissions attributable to
2  Defendants Adams, Schultz, and Eckman.  *E.g.*, *Lemire v. California Dep't of Corr. and Rehab.*,
3  726 F.3d 1062, 1074-75 (9th Cir. 2013).  The allegation that these defendants were present when
4  Plaintiff was sprayed and then walked away does not suffice to support a claim that they
5  knowingly disregarded a substantial risk of harm to his health with respect to his medical need for
6  decontamination.  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012); *Clement v. Gomez*,
7  298 F.3d 898, 904 (9th Cir. 2002).  Moreover, Plaintiff amended once as a matter of right and he
8  was already provided with three opportunities to amend, the latter two of which were accompanied
9  by specific notice that he is required to link each named defendant to the violation of his rights.
10 (Docs. 7, 10, 12, 20.)

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendations, filed on March 16, 2015, is adopted in full;
2. This action for damages shall proceed on Plaintiff's Fourth Amended Complaint against Defendants Felix, Harmon, Pendergrass, and Cruz for failing to decontaminate Plaintiff, in violation of the Eighth Amendment, and against Defendant Brodie for depriving Plaintiff of outdoor exercise, in violation of the Eighth Amendment;
3. Plaintiff's excessive force claim, due process claim, or any other claim arising out of the use of pepper spray against him and the subsequent Rules Violation Report are dismissed, without prejudice, as barred by the favorable termination rule; and
4. Defendants Adams, Schultz, and Eckman are dismissed from this action based on Plaintiff's failure to state any claims against them.

IT IS SO ORDERED.

Dated:   May 28, 2015                                    _____
                                                          SENIOR DISTRICT JUDGE