# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE THOMPSON, | Case No. 1:13-cv-00655-AWI-SKO (PC) |
| Plaintiff, | ORDER GRANTING MOTION FOR PROTECTIVE ORDER AND STAYING DISCOVERY PENDING RESOLUTION OF MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST |
| v. | |
| T. ADAMS, et al., | |
| Defendants. | (Doc. 46) |

Plaintiff DeWayne Thompson ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 6, 2013. This action for damages is proceeding on Plaintiff's fourth amended complaint against Defendants Felix, Harmon, Pendergrass, Cruz, and Brodie ("Defendants") for violation of the Eighth Amendment of the United States Constitution. 28 U.S.C. § 1915A.

Defendants filed an answer on September 4, 2015, and the Court issued a scheduling order on September 9, 2015. On October 14, 2015, Defendants filed a motion seeking a protective order staying discovery pending resolution of their concurrently-filed motion for summary judgment for failure to exhaust the available administrative remedies. 42 U.S.C. § 1997e(a); Fed. R. Civ. P. 26(c); Fed. R. Civ. P. 56. (Docs. 45, 46.) Plaintiff filed an opposition to the motion for summary judgment on November 3, 2015, and he stated therein that he is not invoking Rule 56(d) to oppose the motion for a protective order. Fed. R. Civ. P. 56(d). (Doc. 48, Opp., 1:13-24.)

The Court is vested with broad discretion to manage discovery. *Dichter-Mad Family Partners, LLP v. U.S.*, 709 F.3d 749, 751 (9th Cir. 2013) (per curiam), *cert. denied*, 134 S.Ct. 117 (2013); *Hunt*, 672 F.3d at 616; *Surfvivor Media, Inc. v. Survivor Prods.*, 406 F.3d 625, 635 (9th Cir. 2005); *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002). Pursuant to Rule 26(c)(1), the Court may, for good cause, issue a protective order forbidding or limiting discovery. The avoidance of undue burden or expense is grounds for the issuance of a protective order, Fed. R. Civ. P. 26(c), and a stay of discovery pending resolution of potentially dispositive issues furthers the goal of efficiency for the courts and the litigants, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (stay of discovery pending resolution of immunity issue). The propriety of delaying discovery on the merits of the plaintiff's claims pending resolution of an exhaustion motion was explicitly recognized by the Ninth Circuit. *Albino v. Baca*, 747 F.3d 1162, 1170-71 (9th Cir. 2014) (en banc), *cert. denied*, 135 S.Ct. 403 (2014); *see also Gibbs v. Carson*, No. C-13-0860 THE (PR), 2014 WL 172187, at *2-3 (N.D. Cal. Jan. 15, 2014).

The failure to exhaust is an affirmative defense, and Defendants are entitled to judgment on Plaintiff's claims against them if the Court determines the claims are unexhausted. *Albino*, 747 F.3d at 1166. Thus, the pending exhaustion motion has the potential to bring final resolution to this action, obviating the need for merits-based discovery. *Gibbs*, 2014 WL 172187, at *3. In *Albino*, the Ninth Circuit recognized that "[e]xhaustion should be decided, if feasible, before reaching the merits of a prisoner's claims," and "discovery directed to the merits of the suit" should be left until later. *Albino*, 747 F.3d at 1170.

To the extent that the non-moving party needs specific discovery to address issues raised in a dispositive motion, the non-moving party is entitled to seek redress. Fed. R. Civ. P. 56(d); *Albino*, 747 F.3d at 1170-71; *Wyatt v. Terhune*, 315 F.3d 1108, 1115 n.7 (9th Cir. 2003) (overruled on other grounds by *Albino*, 747 F.3d at 1168-69). Here, Plaintiff made no showing that he needs any specific discovery in order to oppose the exhaustion motion and instead, he stated his intent not to rely on Rule 56(d) to oppose the motion.

Accordingly, in the absence of any actual prejudice to Plaintiff and good cause having been shown, Defendants' motion for a protective order shielding them from discovery pending

resolution of their exhaustion motion is HEREBY GRANTED and discovery is STAYED.[1]  Fed. R. Civ. P. 26(c); *Albino*, 747 F.3d at 1170-71.

IT IS SO ORDERED.

Dated:  **November 16, 2015**                    **/s/ Sheila K. Oberto**
                                         UNITED STATES MAGISTRATE JUDGE

---

[1] If Defendants' motion for summary judgment is denied, the Court will issue an amended scheduling order. (Doc. 39.)